David M. Bell, State Bar No. 006818
**CHRISTIAN DICHTER & SLUGA, P.C**.
Biltmore Office
2198 E. Camelback Road, Suite 320
Phoenix, AZ 85016
Phone: (602) 354-0050
info@cdslawfirm.com
dbell@cdslawfirm.com
*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kasper Smoke Kastle, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Atlantic Casualty Insurance Company, A North Carolina company,<br><br>Defendant. | No.<br><br>**NOTICE OF REMOVAL BY DEFENDANT OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, and 1446** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Atlantic Casualty Insurance Company ("ACIC"), files this Notice of Removal to remove Maricopa County Superior Court Action No. CV2018-001834, captioned Kasper Smoke Kastle, LLC v. Atlantic Casualty Insurance Company to this Federal Court.  The basis for removal is diversity jurisdiction pursuant to 28 U.S.C. § 1332.  This Notice is supported by the following Memorandum of Points and Authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

1. *Removal Is Proper Because Defendant Has Complied With 28 U.S.C. § 1446*

For removal to be proper, the removing party must file a notice of removal that

plainly identifies the basis for removal and comply with certain procedural requirements.[1] Because Defendant has satisfied both of these criteria, removal of the Arizona Superior Court action to this Court is proper.

   *A. This Court Has Diversity Jurisdiction Pursuant To 28 U.S.C. § 1332*

One of the bases for removal is diversity of citizenship between the parties. In order for diversity to form a basis for removal, there must be complete diversity between the parties, and the amount in controversy must exceed $75,000.[2] Both requirements are met in this case.

Regarding citizenship, Plaintiff has stated Kasper Smoke Kastle, LLC is an Arizona limited liability company authorized to do business in the State of Arizona, County of Maricopa, and has been conducting business at 1718 North 16th Street, Phoenix, AZ 85006 at all pertinent times.[3] Defendant ACIC is a North Carolina company with its principal place of business in Goldsboro, North Carolina. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant ACIC.

With respect to the amount in controversy, Plaintiff's Complaint does not itemize a specific amount of damages.[4] Plaintiff's complaint alleges that its claim arises from ACIC's failure to provide full payment to Plaintiff for loss in light of fire damage to the property, including business personal property.[5] Plaintiff submitted a sworn proof of loss for the building damage which reflects a total of $74,326.43.[6] Plaintiff's sworn proof of loss for code upgrades reflects a total of $10,000.[7] The total claim for the structure and code upgrades is $84,326.43. Brown O'Haver also submitted estimates reflecting replacement

---

[1] *See* 28 U.S.C. § 1446.
[2] *See* 28 U.S.C. § 1332.
[3] *See Exhibit 2 at ¶¶1, 5.*
[4] *See* Exhibit 2.
[5] *See Exhibit 2 at ¶¶6, 16.*
[6] *See* Exhibit 6 at 1.
[7] *See* Exhibit 6 at 2.

cost values for the structure of $106,063.60[8] and for the business personal property of $254,646.91[9] which together total $360,710.51. Considering Plaintiff's additional claims for extra-contractual and punitive damages, as well as attorneys' fees and costs, the amount in controversy clearly exceeds $75,000.

Both requirements for diversity jurisdiction have been met here and removal is proper under 28 U.S.C. §§ 1332 and 1441(a).

### B. Defendants Have Met All Procedural Requirements Set Forth In 28 U.S.C. § 1446 To Remove This Action

Plaintiff's Complaint was filed on February 21, 2018.  Plaintiff served the Complaint through the Arizona Department of Insurance.  The document was delivered to the Department of Insurance on February 26, 2018.[10]  Under Federal Law, the deadline for removal is thirty days from an insurer's actual receipt of the initial pleading; the time for removal does not begin to run on the date when a state agency responsible for regulating insurers receives the complaint.[11] This Notice of Removal is filed within thirty days of delivery of the complaint to the Department of Insurance on February 26, 2018 and is therefore timely.

---

[8] *See* Exhibit 7 at 14.
[9] *See* Exhibit 7 at 25.
[10] *See* Exhibit 1.
[11] *See Morse, LLC v. United Wisconsin Life Ins. Co.*, 356 F. Supp. 2d 1296, 1298 (S.D. Fla. 2005) (Finding the thirty-day period for filing a notice of removal did not begin to run until the defendant insurer was mailed and received a copy of the complaint that had been served by substituted service on state insurance commissioner); *Taphouse v. Home Ins. Co., Inc.*, 885 F. Supp. 158 (E.D. Mich. 1995) (same); *see also Nucor Corp. v. Employers Ins. Co. of Wausau*, 2012 WL 3242279 *5 (D. Ariz. Aug. 7, 2012) (noting that "the overwhelming weight of the authority is that 'where service of process is effected on a statutory agent, the time for removal does not begin to run until the defendant has actually received a copy of the process.'") (citing *Lilly v. CSX Transp., Inc.,* 186 F.Supp.2d 672, 675 (S.D.W.Va.2002)).

In addition, Defendant has complied with all further procedural requirements, see 28 U.S.C. § 1446(a) and (d), including:

1. Attaching copies of the original Summons, Complaint, Certificate of Compulsory Arbitration, Jury Demand and Civil Cover Sheet in their possession. See Exhibits 1-5.
2. Serving a copy of this notice upon Plaintiff.
3. Filing a copy of this notice with the state court clerk pursuant to Rule 3.7 of the Local Rules of the United States District Court for the District of Arizona.
4. This notice is signed pursuant to Fed. Civ. Proc. Rule 11, as required by Local Rule 3.7.

DATED this 27th day of March 2018.

**CHRISTIAN, DICHTER & SLUGA, P.C.**

By: /s/ David M. Bell
David M. Bell
Attorneys for Defendant

### CERTIFICATE OF SERVICE

I certify that on the 27th day of March 2018, I electronically transmitted the foregoing document to the Clerk's Office for filing and provided a copy to the following parties via First Class Mail:

Michael N. Poli
Lawrence R. Moon
Merlin Law Group, P.A.
2999 North 44th Street, Suite 520
Phoenix, AZ 85018
 Tel: 480-315-9980
Fax: 480-315-9984
*Attorneys for Plaintiff*

By: /s/ Harleigh Scott