**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kasper Smoke Kastle LLC, | No. CV-18-00950-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Atlantic Casualty Insurance Company, | |
| Defendant. | |

Pending before the Court are Defendant Atlantic Casualty Insurance Company's ("Defendant") Motion for Extension of Time to File Appeal, (Doc. 162), and Plaintiff Kasper Smoke Kastle LLC's ("Plaintiff") joinder in that motion. (Doc. 163). The Court now rules on these requests.

Plaintiff filed an untimely notice of appeal 31 days after the Clerk of the Court entered a final judgment in this case. (Doc. 154). According to Plaintiff, its delay stemmed from "a unique set of circumstances." (Doc. 163 at 3). Apparently, during January and early February, Plaintiff's trial counsel had been contemplating leaving their law firm, Merlin Law Group. (*Id.* at 2). During that time, "it was not clear whether Plaintiff would be represented by [trial counsel] or whether Plaintiff would continue to be represented by Merlin Law Group." (*Id.*). By February 11th, trial counsel had left the law firm, taking their staff—but not this case—with them. (*Id.*).[1] Those who left Merlin Law Group were

---

[1] There are several irregularities with Plaintiff's representation of the record. For one thing, trial counsel is still listed as counsel on the Court's docket. Moreover, it is not clear on what basis Plaintiff asserts that "Michael Ponzo and Nicholas Smith[] substituted in as counsel on behalf of Plaintiff[] on February 20[th]." (Doc. 163 at 2). Mr. Ponzo first filed

evidently the only employees who had the deadline to appeal calendared, and the deadline was not re-calendared for the replacement attorneys prior to their exit. (*See id.*). One day after the deadline lapsed, the replacement attorneys found an e-mail from a former paralegal indicating the deadline to appeal was on February 20th. (*Id.*). Plaintiff filed its notice of appeal that same day. (*Id.*).

The Ninth Circuit Court of Appeals accordingly ordered Plaintiff to show cause as to why it failed to timely file its notice of appeal. (Doc. 162 at 2). The show-cause order prompted Defendant to seek an extension of the deadline to file its notice of appeal. (*Id.*). Defendant states that it had mistakenly calendared the deadline to appeal for February 21st. (*Id.* at 1).[2] It also provides that it had been planning to cross appeal and was thus under the impression it would have an additional 14 days to file its own notice of appeal after Plaintiff had done so under Federal Rule of Appellate Procedure ("FRAP") 4(a)(3). (*Id.*). Since Plaintiff's untimely notice meant that plan was no longer feasible, Defendant asked for an extension. (*Id.*). Plaintiff joined the motion soon after. (Doc. 163). The Ninth Circuit Court of Appeals has since remanded Plaintiff's untimely appeal to this Court, for the limited purpose of ruling on Plaintiff's timely request for additional time. (Doc. 165 at 1).[3]

When a party has allowed the deadline to file a notice of appeal to lapse, a court may grant an extension of time "if that party shows excusable neglect or good cause." FRAP 4(A)(5)(a)(ii). To determine whether excusable neglect exists, a court must at least

---

a motion on February 4th. (Doc. 144). Mr. Smith first filed a document on February 18th. (Docs. 151, 152). In addition, attorney Michael Duffy—who represented Plaintiff at trial—continues to represent Plaintiff and to work at Merlin Law Group, so it is not entirely accurate to say that the attorneys responsible for trial left the firm.

[2] Without any indication of the basis for this claim, Defendant states that "[i]t appears [Plaintiff's] counsel also erroneously believed that there were only [30] days in between January 21, 2020 and February 21, 2020." (Doc. 162 at 2 n.1). The Court is also confused by Defendant's claim that the Clerk of the Court's entry of a final judgment four days after the jury's verdict was "an unusually quick turnaround that further caught [Defendant] off guard." (*Id.* at 2). It is not at all clear how the Clerk's turnaround time could have diminished the ability of Defendant to act *after* the entry of judgment, particularly since it claims it was planning on filing a cross appeal anyway.

[3] The order remanding to this Court refers to a timely motion for an extension that Plaintiff filed. (*Id.* at 1). To be clear, it was actually Defendant who filed a motion, Plaintiff filed a joinder to that motion. (Doc. 163).

consider the so-called *Pioneer* factors, including: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Because excusable neglect is an elastic and equitable concept, it must be analyzed in context. *Id.* at 859. Even if the reason for delay is rather weak, the Court should grant an extension unless that reason "is so egregious that it outweighs the remaining factors." *M.D. ex rel. Doe v. Newport-Mesa Unified Sch. Dist.*, 840 F.3d 640, 643 (9th Cir. 2016) (per curiam).

Three of the *Pioneer* factors support granting Plaintiff an extension of time here. First, no possibility of prejudice exists because the parties are in agreement that the deadline should be extended. Second, Plaintiff filed its notice of appeal just one day late and moved for an extension at least reasonably quickly after learning that the deadline had lapsed. Moreover, any failure to move more hastily will not have a significant impact on any judicial proceedings given this procedural context. Third, nothing suggests that Plaintiff acted in bad faith by failing to timely file its appeal, nor can the Court conceive of any possible tactical edge that Plaintiff might have won for itself by missing the deadline. Moreover, taking Plaintiff's word for it, its attorneys could not possibly have acted in bad faith because they were not even aware of when the deadline was until after it had already expired. Rather, the Court is confident that the mistake "resulted from negligence and carelessness, not from deviousness or willfulness." *Lemoge v. United States*, 587 F.3d 1188, 1197 (9th Cir. 2003) (quoting *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002)).

To be sure, Plaintiff does not advance a particularly compelling reason for its delay. In fact, the Ninth Circuit Court of Appeals has noted that *Pioneer* itself "gave little weight to 'upheaval in [a] law practice' as a compelling reason for a filing delay." *Los Altos El Granada Inv'rs v. City of Capitola*, 583 F.3d 674, 683 (9th Cir. 2009) (quoting *Pioneer*,

507 U.S. at 398). Nonetheless, when the other factors weigh in favor of granting the motion, courts generally excuse these kinds of neglectful calendaring errors because they fall "somewhere in the middle of the spectrum of least-compelling to most-compelling reasons." *Gunderson v. Corizon*, No. CV-17-01791-PHX-DWL (ESW), 2019 WL 79008, at *3 (D. Ariz. Jan. 2, 2019) (collecting cases). And although a prior issue on timeliness caused this Court to hold a show-cause hearing on the subject of sanctions, the Court does not find that this previously missed deadline renders the present calendaring issue so egregious as to preclude granting an extension. *See Harvest v. Castro*, 531 F.3d 737, 747 (9th Cir. 2008) (finding it appropriate to decline an extension where the "neglect . . . was systemic (as evidenced by the fact that it happened more than once)"). Because the other equities favor excusing Plaintiff's neglect, especially the apparent impossibility of any prejudice given the parties' agreement, the Court will allow the extension.

This analysis applies equally to Defendant, who is in approximately the same position as Plaintiff. Again, the parties seek the same relief, Defendant also acted at least reasonably quickly after discovering that the deadline had lapsed, and there is likewise no evidence that it acted in bad faith. Defendant's reason for its delay is also a calendaring error[4] which, while not particularly compelling, is not so egregious as to outweigh the other three factors. Thus, the Court will excuse Defendant's neglectful calendaring error too.

///
///
///
///
///
///
///

---

[4] The Court notes that Defendant appears to have simply calendared the deadline to appeal one month from the Clerk's entry of judgment, even though the Clerk entered judgment in a month with 31 days in it. Barring a situation where the last day of the period falls on a weekend or legal holiday, the Court is not aware of any situation where the deadline would naturally fall in that fashion.

Therefore,

IT IS ORDERED that Plaintiff Kasper Smoke Kastle's Joinder in Defendant's Motion for Extension of Time to File Appeal (Doc. 163) is GRANTED such that the Notice of Appeal filed at Doc. 154 is deemed timely.

IT IS FURTHER ORDERED that Defendant's Motion for Extension of Time to File Appeal (Doc. 162) is GRANTED. Defendant shall have 14 days from the date of this order in which to file a notice of appeal in accordance with FRAP 4(a)(5)(C).

Dated this 23rd day of April, 2020.

James A. Teilborg
Senior United States District Judge