**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kasper Smoke Kastle LLC, | No. CV-18-00950-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Atlantic Casualty Insurance Company, | |
| Defendant. | |

Pending before the Court is Defendant Atlantic Casualty Insurance Company's Motion for New Trial (Doc. 175). The Court now rules on the motion.

## I.     BACKGROUND

A four-day trial for Plaintiff Kasper Smoke Kastle LLC's breach of contract claim against Defendant began on January 14, 2020, and concluded on January 17, 2020. The jury considered whether Defendant adequately compensated Plaintiff for damage to the contents of Plaintiff's Phoenix building under the parties' insurance policy after a 2016 arson fire. The jury returned a verdict in Plaintiff's favor and awarded damages of $94,013.59. (Doc. 133).

On June 6, 2020, Plaintiff filed "Plaintiff's Notice of Remediation of Sworn Deposition Testimony" (Doc. 173), which stated that its owner's, Gilbert Enriquez, sworn deposition testimony contained inaccurate information. (*Id.*). Specifically, Enriquez testified that he filed Plaintiff's 2014, 2015, and 2016 tax returns, and according to the

1    Notice of Remediation, Enriquez has not filed tax returns since 2011. (*Id.*).

2         Shortly thereafter, Defendant requested a new trial under Federal Rule of Civil

3    Procedure ("Rule") 60(b)(2) and (3). (Doc. 175). Because the Court was divested of

4    jurisdiction after the parties appealed, Defendant requests that the Court issue an indicative

5    ruling under Rule 62.1(a), stating that the Court would grant the motion if the Court of

6    Appeals remands or that the motion raises a substantial issue. (*Id.*).

7    **II.    DISCUSSION**

8         **A.    Rule 60(b)(2) —Newly Discovered Evidence**

9         Rule 60(b)(2) provides that "the court may relieve a party . . . from a final judgment"

10   in light of "newly discovered evidence that, with reasonable diligence, could not have been

11   discovered in time to move for a new trial under Rule 59(b)(1)." To merit relief under Rule

12   60(b)(2), "the movant must show the evidence (1) existed at the time of the trial, (2) could

13   not have been discovered through due diligence, and (3) was of such magnitude that

14   production of it earlier would have been likely to change the disposition of the case." *Jones*

15   *v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (internal quotation omitted).

16        Defendant fails to meet this burden because Enriquez's admission that he did not

17   file tax returns as stated in his deposition is not so significant as to change the disposition

18   of the case. First, there is no evidence that the tax forms, even though not filed, did not

19   accurately represent Plaintiff's actual income. And even if the income was incorrectly

20   reported on the forms provided to Defendant, the jury considered losses resulting from

21   damage to Plaintiff's business property, not loss of business income. Defendant

22   acknowledges this in its reply, which states that Defendant did not independently verify

23   whether Enriquez or his accountant filed the returns "in light of the ultimate relative

24   unimportance to the remaining business personal property claim." (Doc. 182 at 6).

25        Instead, Defendant's primary argument is that the impeachment value of the newly

26   discovered evidence would have changed the disposition. (Doc. 175 at 3–4). Relying on

27   *Nehara v. California*, No. 1:10-CV-00491 JLT, 2013 WL 3968173 (E.D. Cal. July 31,

28   2013), *aff'd sub nom. Nehara v. California Dep't of Corr. & Rehab.*, 650 F. App'x 495

(9th Cir. 2016), Defendant argues that "[s]ignificant impeachment evidence satisfies the [Rule] 60(b)(2) requirements." (Doc. 175 at 3). Although this may be true as a general matter in some cases, *but see Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009) ("A judgment will not be reopened if the evidence is merely cumulative or impeaching and would not have changed the result." (citation omitted)), the potential impeachment value in the instant case does not rise to the level of *Nehara*. In *Nehara*, the court awarded damages and backpay following a jury verdict in the plaintiff's favor on his Title VII retaliation claim. *Id.* at *1. The amount of the plaintiff's recovery "was premised significantly upon the fact that" the plaintiff had been unable to secure other employment. *Id.* at *6. Evidence discovered after trial, however, demonstrated that contrary to the assertions in his deposition, the plaintiff had been working outside the country and did not suffer an emotional injury that impacted his ability to work.  *Id.* at *2–5. The court noted this factual inconsistency would have had significant impeachment value as the claim relied primarily on the plaintiff's uncorroborated testimony, and it was probable that the new evidence would have caused the jury to disbelieve the core of his testimony. *Id.* at *6. Accordingly, the court granted the defendant's Rule 60(b)(2) motion. *Id.* at *7.

Unlike the plaintiff in *Nehara* and contrary to Defendant's assertions, although Enriquez's testimony was certainly relevant to the jury's consideration, this case did not turn primarily on Enriquez's testimony. The jury had to consider whether the restoration company's performance satisfied Defendant's obligation under the insurance policy to restore the property to its pre-fire condition. The jury also determined the extent of the damage to the property and whether Plaintiff was entitled to the replacement value of the business property rather than the restoration cost.

The most relevant testimony to this point was that of the building co-owner, who dealt primarily with Defendant and the restoration company. He testified that the restoration company cleaned the building's contents against his wishes and that the cleaning did not (and could not) adequately restore the building's contents to its pre-fire condition. (Doc. 183 at 214, 218; Doc. 184 at 224). He also provided substantial testimony

as to the value of the building's contents. (Doc. 184 at 277, 296–97). Although it is true that Enriquez testified to the value of business property as well, considering the trial as a whole, the Court does not find that evidence that Enriquez did not file Plaintiff's taxes is of such a magnitude as to change the jury's disposition.[1]

And in any event, Defendant also fails to demonstrate why the Court would even admit evidence of Enriquez's failure to file taxes. Defendant argues that "it could have used the false testimony to impeach [Enriquez's] credibility, and, to a limited extent, his character." (Doc. 182 at 7). But, as discussed above, business income was not the issue at trial, and Enriquez did not testify before the jury as to whether he filed tax returns. The Court rejects Defendant's request to inject this collateral issue into a new proceeding solely for the purpose of impeaching Enriquez. *See United States v. Williamson*, 202 F.3d 974, 979 (7th Cir. 2000) ("A matter is collateral if it could not have been introduced into evidence for any purpose other than contradiction." (citation omitted)); *United States v. Higa*, 55 F.3d 448, 452 (9th Cir. 1995).

Accordingly, the Court denies relief under Rule 60(b)(2).

**B.    Rule 60(b)(3) —Fraud, Misrepresentation, or Misconduct**

Defendant also argues that relief is warranted under Rule 60(b)(3), which provides that the Court may set aside a judgment in light of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). "The rule is aimed

---

[1] In its response to Defendant's motion, Plaintiff states that "[w]hile the[] tax returns are relevant to the issues on appeal with the Ninth Circuit, they were not relevant to the issues presented to the jury . . . ." (Doc. 180 at 2). Defendant replies that "[t]aking [Plaintiff] at its word, the unfiled tax returns would be, therefore, relevant to the judgment, and the untimely correction of a false statement in a deposition, and material misrepresentation adversely affected the litigation, the trial outcome, and the judgement." (Doc. 182 at 1). Because the Court independently finds that the evidence would not have affected the disposition, neither Plaintiff's assertion nor Defendant's extrapolation affect the Court's conclusion.

1    at judgments which were unfairly obtained, not at those which are factually incorrect." *In*

2    *re M/V Peacock on Complaint of Edwards*, 809 F.2d 1403, 1405 (9th Cir. 1987).

3          The Court does not find that Defendant was prevented from fully presenting its case

4    or that the judgment was unfairly obtained. As discussed above, the case largely turned on

5    whether the jury believed that the restorative services provided adequately returned the

6    business property to its pre-fire condition. Whether Enriquez was honest about filing taxes

7    was immaterial to that consideration. This distinguishes the instant case from the cases

8    involving Rule 60(b)(3) cited in Defendant's motion, which involved a party withholding

9    *material* evidence, thereby rendering the judgments involuntarily obtained. *See Hernandez*

10   *v. Results Staffing, Inc.*, 907 F.3d 354, 358–59, 365–66 (5th Cir. 2018) (holding relief from

11   judgment was appropriate after the defendant discovered the plaintiff failed to disclose

12   medical records indicating the plaintiff visited an emergency room primarily because of a

13   headache, rather than a pre-existing back injury as the plaintiff alleged); *Nehara*, 2013 WL

14   3968173; *Canady v. Erbe Elektromedizin GmbH*, 99 F. Supp. 2d 37, 49 (D.D.C. 2000)

15   (setting aside summary judgment in a patent action because party failed to disclose "clearly

16   responsive, relevant and non-privileged documents"); *see also Norwest Bank (Minn.), N.A.*

17   *v. Symington*, 3 P.3d 1101, 1103–04, 1107, ¶¶ 6–7, 26 (Ariz. Ct. App. 2000) (holding that

18   the appellee unfairly obtained a deficiency judgment under Arizona Rule of Civil

19   Procedure 60(b)(3)[2] by failing to disclose an unfavorable appraisal and a settlement

20   agreement that included a damages model).[3] For these reasons, the Court denies

21   Defendant's request for relief under Rule 60(b)(3).

22          **C.    Request for Alternative Relief**

23          In the last two sentences of the motion before the conclusion, Defendant also

24   requests alternative relief:

25          Alternatively, Atlantic requests that the Court agree to allow

26   ───────────────────────
     [2] Because there has been no material revision, the Court cites to the current version of the
     rule.

27   [3] Defendant also cites to *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128 (9th Cir.
     1995) to support its argument. That case, however, involved a scheme to perpetrate fraud

28   on the court under Rule 60(b) rather than focusing on solely the failure to disclose
     information to an opposing party. *Id.* at 1130–33.

limited discovery regarding Kasper's lack of candor and/or file a motion for fees and costs associated with that lack of candor. Atlantic therefore requests that the Court exercise its jurisdiction under Fed. R. Civ. P., Rule 62.1(a)(3) and inform the Ninth Circuit Court of Appeals that it would be inclined either to grant this motion or that this motion raises a "substantial issue."

(Doc. 175 at 5). These two sentences are the entirety of the argument, cite nothing to support that the Court has the power to grant the remedy of "discovery" under Rule 62.1(a), nor do these sentences offer any argument, legal or factual, as to what would constitute a substantial issue justifying remand for discovery assuming such is even a remedy.

Although at least one court has concluded such a remedy is available, it granted relief under different circumstances. *See Kravitz v. U.S. Dep't of Commerce*, 382 F. Supp. 3d 393, 396 (D. Md. 2019). In *Kravitz*, the court entered judgment in the defendants' favor on the plaintiffs' Equal Protection and 42 U.S.C. § 1985 claims because the evidence presented at trial "fell just short of establishing discriminatory intent by a preponderance of the evidence." *Id.* at 397–98, 400. The plaintiffs later filed a motion for relief from judgment under Rule 60(b)(2) and requested an indicative ruling under Rule 62.1(a), citing specific pieces newly discovered evidence directly relevant to the issue of discriminatory intent. *Id.* at 398–401. As a result, "the Court [found that] a substantial issue ha[d] been raised" and stated that "if the case [wa]s remanded, the Court w[ould] reopen discovery for no more than 45 days, order an expedited evidentiary hearing, and provide a speedy ruling." *Id.* at 402.

Here, however, Defendant does not identify what additional relevant evidence it might discover during a reopened period of discovery. Nor does it describe a potential course of "limited discovery" that would lead to evidence that Enriquez intentionally provided false deposition testimony, and one is not immediately apparent to the Court. If, for example, the Court permitted another deposition of Enriquez on this issue, it seems likely that Enriquez would either deny that he knowingly provided false testimony or invoke the Fifth Amendment. Both options would lead either to a dead end or to additional discovery that would devolve into a mini-trial on whether Enriquez knowingly failed to

file Plaintiff's taxes.

Further, as the record now exists before the Court, it appears undisputed that Enriquez's testimony regarding the filing of tax returns was inaccurate. The Court has found this undisputed evidence was nonetheless not material to the verdict and therefore does not justify relief under Rule 60(b)(2) or (3) as discussed above. Thus, even assuming that discovery is a remedy under Rule 62.1(a) if a substantial issue is identified, the Court finds neither a substantial issue in this case, nor a dispute of material fact that would justify discovery.

Accordingly, this request for alternative relief is also denied.

**III.    CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that pursuant to Rule 61.2(a)(2), Defendant's Rule 60 Motion for New Trial (Doc. 175) is **DENIED**.

Dated this 23rd day of September, 2020.

James A. Teilborg
Senior United States District Judge

- 7 -